

**IT IS ORDERED as set forth below:**

**Date: September 5, 2017**

_____

**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | |
| MARILYN BUICE CRAWFORD, | CASE NO. 16-56156-PWB |
| Debtor. | |
| | CHAPTER 7 |
| FOUR SEASONS TRUCKING, INC., | |
| Plaintiff, | |
| | ADVERSARY PROCEEDING |
| v. | NO. 16-5155-PWB |
| MARILYN B. CRAWFORD, | |
| Defendant. | |

ORDER DENYING DEFENDANT'S MOTION TO DISMISS,
ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY
AND
ORDER AND NOTICE OF STATUS CONFERENCE

Four Seasons Trucking, Inc., the Plaintiff, seeks a determination that the debt owed to it by the Debtor, Marilyn B. Crawford, is excepted from discharge pursuant to 11 U.S.C. §§ 523(a)(2) and (a)(6) because it was incurred by fraud and conversion. The Debtor contends that the Plaintiff is estopped from bringing such an action due to the principles of issue and claim preclusion and moves the Court to dismiss the complaint. The Plaintiff opposes the motion and has filed a separate motion to compel discovery. For the reasons stated herein, the motion to dismiss and motion to compel discovery are denied and this matter is scheduled for a status conference.

## I.    Procedural Background and the Positions of the Parties

The Plaintiff alleges that in 2007 it entered into a contract with R/A/C/T Enterprises, Inc. ("R/A/C/T"), to haul and furnish materials to it during a construction project at the DeKalb County Central Transfer Station. The Plaintiff alleges that the Debtor served as the chief financial officer of R/A/C/T and signed and endorsed checks on its behalf.

The Plaintiff alleges that J.M. Wilkerson Construction Company ("Wilkerson"), the general contractor on the project, paid funds to R/A/C/T from which the Plaintiff would be paid. The Plaintiff alleges that it provided services for a six week period and sent invoices to R/A/C/T totaling $42,575.00, but received only $4,516.00 in payment.

The Plaintiff alleges that Wilkerson paid all necessary monies to R/A/C/T, but that the Debtor defrauded the Plaintiff and converted the balance of $38,059.00 owed to it.

The Plaintiff filed an action against R/A/C/T and the Debtor in the State Court of DeKalb County, Georgia, Case No. 08A-99834-4, on December 11, 2008 (the "State Court Action").

The Debtor contends that dismissal of this dischargeability action is warranted because the disposition of the State Court Action precludes this action. The Debtor asserts the following, [Doc. 22 at 2]:

> The case in DeKalb County resulted in a judgment in favor of [the Plaintiff] against R/A/C/T only on all issues that could have been raised by [the Plaintiff] in that litigation.
>
> Under Georgia law all claims that could have been brought by [the Plaintiff] against [the Debtor] were adjudicated in that action. The DeKalb County action resulted in an adjudication of all of [the Plaintiff's] claims for willful and malicious conversion, services obtained by false pretenses, false representation, and actual fraud. In that action the State Court of DeKalb County entered an order finding that [the Debtor] was not liable to [the Plaintiff] for those claims.

The Debtor has not attached any documents from the State Court Action, such as the complaint, the docket, orders, or the judgment, to her motion. The only

3

document regarding the State Court Action she references is a copy of a March 15, 2012 Order denying the Plaintiff's motion to modify the judgment that the Debtor contends establishes that the State Court of DeKalb County refused to enter judgment against the Debtor on claims of conversion and fraud. This document is not attached to the motion, but is instead attached to her answer. [Doc. 11, Exh. A].

The Plaintiff has attached a few State Court Action documents to its response [Doc. 25] to the motion to dismiss. Though not complete, it is enough for the Court to conclude that the Debtor has not carried her burden to establish that dismissal of this action is warranted.

The Plaintiff alleged the following counts against the Debtor and R/A/C/T in the State Court Action: Count I, breach of contract (against R/A/C/T only); Count II, Conversion (both defendants); Count III, Punitive Damages (both defendants); and Count IV, Attorney's Fees and Expenses (both defendants). [Doc. 25, Exh. A].

On July 20 and 23, 2009, the Plaintiff filed two motions for summary judgment in the State Court Action.[1] The State Court entered an Order ("the Summary Judgment Order") that granted summary judgment against R/A/C/T on the breach of contract claim in the amount of $38,059.00. Further, the Court granted summary judgment on the conversion claim against R/A/C/T <u>and the Debtor</u> as to liability only, but because there was no evidence as to damages, did not enter a monetary judgment at that time. [Doc. 25, Exh. C]. The Summary Judgment Order includes the

---

[1] These motions are not included in the record in this proceeding, but are referenced in the October 8, 2009 Order entered in the State Court Action. [Doc. 25, Exh. C].

4

statement, "The individual defendant [the Debtor] has admitted that she 'participated' in the conversion; but, as in the case of the corporate defendant, there is no evidence as to damages under Count II." *Id*. at 2.

On January 6, 2010, the State Court held a non-jury trial, presumably on the issue of damages for conversion (Count II), and liability and damages under Counts III and IV (these were not resolved by the Summary Judgment Order). [Doc. 25, Exh. D]. Following the trial, the State Court entered an Order and Judgment that provided, among other things: (1) "there is no evidence as to damages as to either defendant under Count II [conversion];" "there is not a preponderance of the evidence in favor of Plaintiff against either defendant as to Count III [punitive damages];" and (3) "there is a preponderance of the evidence in favor of Plaintiff against both defendants as to Count IV [attorney's fees and expenses]." [Doc. 25, Exh. D].

As a result of this the State Court entered judgment against R/A/C/T for $38,059.00 with pre- and post-judgment interest, and against both R/A/C/T and the Debtor for attorney's fees and expenses in the amount of $18,749.00.[2] There are no findings of fact or conclusions of law contained in the Order to explain the judgment awards.

---

[2] The Plaintiff sought attorney's fees pursuant to O.C.G.A. § 13-6-11 ("The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them."). [Doc. 25, Exh. A, State Court Complaint].

5

On February 25, 2010, the Plaintiff filed a motion to modify the judgment [Doc. 25, Exh. B], contending that the evidence of trial supported damages on the conversion claim and higher legal fees of $26,994.00.

On March 1, 2010, before the State Court could rule on the Plaintiff's motion to modify the judgment, the Debtor filed a bankruptcy case, Case 10-66198-pwb. The Debtor's bankruptcy case was dismissed on August 25, 2010. The filing of the bankruptcy case (notwithstanding the later dismissal) appears to have stayed the State Court Action for some time.

Eventually, on March 15, 2012, the State Court entered an Order on the Plaintiff's motion to modify the judgment, noting the intervening bankruptcy filing and its ultimate dismissal, the lack of activity by the parties, and the finding that "It may be that Defendants' rights under the judgment have now vested, but in any event Plaintiff is estopped by laches and has accordingly not shown 'just cause' for granting its motion." [Doc. 11, Exh. A, ¶ 5]. In addition, the State Court directed the clerk to issue writs of fieri facias to reflect its judgment of January 26, 2010.

## II.     Whether Principles of Claim or Issue Preclusion Require Dismissal

As a procedural matter, the Court notes that because the parties have relied on matters outside the pleadings, the Court must treat the motion as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 12(d), *made applicable by* FED. R. BANKR. P. 7012. In order to prevail, the Debtor must show "that there is no genuine dispute as to any material fact" and that she is

6

entitled to "judgment as a matter of law." FED. R. CIV. P. 56(a), *made applicable by* FED. R. BANKR. P. 7056.

A prior judgment may have preclusive effect in later litigation under two doctrines, claim preclusion or issue preclusion.

The doctrine of claim preclusion prevents the relitigation of a "claim" that the prior judgment adjudicated. "Claim" is broadly defined under a transactional test that includes matters that have been litigated and matters arising out of the same transaction that could have been raised in the original litigation. *See* Lawrence Ponoroff, & Sarah Borrey, *Principles of Preclusion and Estoppel in Bankruptcy Cases*, 79 AMER.BANKR.L.J. 839, 847 (2005). The Supreme Court has held that claim preclusion does not apply in dischargeability litigation. *Brown v. Felsen*, 442 U.S. 127 (1979).

Issue preclusion prevents the relitigation of issues already litigated and determined by a valid and final judgment in another court. The Supreme Court has recognized that issue preclusion applies in dischargeability litigation. *Grogan v. Garner*, 498 U.S. 279 (1991). When determining the preclusive effect of a state court judgment in dischargeability litigation, it is unsettled whether a bankruptcy court must apply state or federal issue preclusion law. *See Colorado West Trans. Co., Inc. v. McMahon (In re McMahon)*, 356 B.R. 286 (Bankr. N.D. Ga. 2006), *rev'd and remanded*, 380 B.R. 911 (N.D. Ga. 2007). The decision is not determinative in this case.

7

Noting that Georgia law does not set forth a "canonical list" of elements necessary for issue preclusion, the Eleventh Circuit has stated that a party seeking to assert issue preclusion under Georgia law must demonstrate that "(1) an identical issue, (2) between identical parties, (3) was actually litigated and (4) necessarily decided, (5) on the merits, (6) in a final judgment, (7) by a court of competent jurisdiction." *Community State Bank v. Strong*, 651 F.3d 1241, 1264 (11th Cir. 2011) (citations omitted). These requirements are comparable to the federal rule of issue preclusion. *In re Bush*, 62 F.3d 1319, 1322 (11th Cir. 1995).

Before the Court can address the applicability of claim or issue preclusion as raised by the Debtor, it must answer (at least) two questions. One, is the Debtor indebted to the Plaintiff? And, two, if she is indebted, what is the nature of the debt and how much does she owe?

Put simply, the State Court concluded that the Debtor was liable to the Plaintiff for conversion, but did not award damages. It further concluded that the Debtor was liable for attorney's fees in the amount of $18,749.00, typically only awarded in cases of bad faith or vexatious conduct. Why the State Court rendered such a judgment, the record is silent.

The record before this Court is incomplete and unclear and it is not appropriate for the Court to make suppositions about why the State Court ruled as it did. But given the partial record before it, the Court concludes that the Debtor has not carried her burden of showing, as a matter of fact and law, that the Plaintiff's complaint must be dismissed based upon principles of claim preclusion and/or issue preclusion.

8

The contention that the Debtor has no liability at all to the Plaintiff is without merit. At a minimum, the Debtor is indebted, personally, to the Plaintiff in the amount of $18,749.00 for the award of attorney's fees. The nature of the debt and the basis for its award are not clear from the record and, thus, the Court is unable to examine the principles of issue and claim preclusion with respect to it in the context of the dischargeability action at this time.

The other issue with respect to liability is the State Court's puzzling determination that the Debtor was liable for conversion, but its failure to award damages on this count.

The Debtor contends that, as a matter of fact and law, there is no "debt" for conversion if there is no monetary damage claim. Although *Brown v. Felsen*, *supra*, stands for the proposition that claim preclusion does not apply to determining the nature of the debt for dischargeability proceedings, it does not address whether a prior judgment may have preclusive effect with respect to the existence of a debt or its amount.

This latter question - whether claim preclusion requires a determination that the Plaintiff has no claim (other than for attorney's fees in the amount of $18,749.00) against the Debtor - is the one the Court must determine.

The Bankruptcy Code defines "debt" as "liability on a claim." 11 U.S.C. § 101(12). A claim is a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A).

9

Based on the State Court's Judgment, the Plaintiff, arguably, does not have a "right to payment" from the Debtor beyond the attorney fee award because (1) there was no monetary damage award for conversion and (2) the $38,059.00 judgment for breach of contract was entered against R/A/C/T only.

The problem, however, is that the Debtor's motion and brief are incomplete on facts and conclusory and cursory on the law. The Debtor, as the moving party, carries the burden of proof on a motion to dismiss. The record before the Court is only partial. There are few findings of fact. There are no transcripts. The documents that exist were provided by the Plaintiff, not the Debtor, the moving party. If not for the documents provided by the Plaintiff in in its response, the Court would have barely a hint of the nature of the State Court proceedings. The Court cannot determine, for purposes of issue preclusion, what was necessarily decided by the State Court for its judgment and, for purposes of claim preclusion, the existing and final liability of the Debtor to the Plaintiff.

Because the Court cannot conclude as a matter of fact and law that the principles of claim and/or issue preclusion require dismissal of this action, it declines to grant the Debtor's motion at this time.

### III. Discovery Disputes and Status Conference

The Plaintiff has also moved to compel the Debtor's deposition and discovery responses. The Plaintiff's counsel avers that he attempted in good faith to confer with the Debtor's first counsel of record prior to her withdrawal, but there is no indication that he attempted to confer with the Debtor's current counsel who entered an

appearance in this proceeding on October 24, 2016, a date that precedes the amended notice of deposition scheduled for November 17, 2016. Accordingly, because it does not appear that the attorneys of record have attempted in good faith to resolve by agreement any discovery disputes as required by BLR 7037-1(a), the Court shall deny the motion without prejudice and shall consider any discovery requests at an upcoming status conference. Discovery shall be stayed until the status conference.

Based upon the Court's ruling and in order to give direction to this proceeding, the Court shall schedule this matter for a status conference. Counsel for the parties shall appear and should be prepared to discuss:

1. Whether there appears to be any issue regarding the Court's jurisdiction;

2. Whether there is any issue as to the misjoinder or nonjoinder of a party;

3. Whether there is or may be any discovery problem, what discovery is needed, and how long the discovery may take;

4. Whether there is or may be any prospect for settlement or mediation;

5. Whether this case is or may be an appropriate one for a motion for summary judgment;

6. Whether a pretrial order is necessary; and

7. When this case will be set for trial.

The Court expects the parties to confer prior to the hearing and discuss these matters. Based on the foregoing, it is

ORDERED that the Debtor's motion to dismiss [Doc. 21] is denied without prejudice. It is

FURTHER ORDERED that the Plaintiff's motion to compel the Debtor's deposition and discovery responses [Doc. 18] is denied without prejudice. It is

FURTHER ORDERED that the Plaintiff's motion to stay discovery [Doc. 19] is granted. It is

FURTHER ORDERED AND NOTICE IS HEREBY GIVEN that the Court shall hold a status conference in this proceeding on **November 2, 2017**, at **10:30 a.m.**, in Courtroom 1401, U.S. Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia.

\*\***This Order has not been prepared for publication and is not intended for publication.**\*\*

### END OF ORDER

**Distribution List**

John V. Kuruvilla
Kuruvilla Law Firm, PC
Tower Place 100
3340 Peachtree Rd.,
Ste. 1800
Atlanta, GA 30326

Jeffrey L. Sakas
Suite 1350
57 Forsyth Street NW
Atlanta, GA 30303

Marilyn Buice Crawford
5470 Hillandale Drive
Apt. 112
Lithonia, GA 30058