

**IT IS ORDERED as set forth below:**

**Date: July 10, 2018**

_____

**Paul W. Bonapfel
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **IN RE:** | : | **CASE NUMBER: 16-56156-PWB** |
| | : | |
| MARILYN BUICE CRAWFORD, | : | |
| | : | |
| Debtor. | : | CHAPTER 7 |
| | : | |
| FOUR SEASONS TRUCKING, INC., | : | |
| | : | |
| Plaintiff, | : | **ADVERSARY PROCEEDING** |
| | : | **NO. 16-5155** |
| v. | : | |
| | : | |
| MARILYN BUICE CRAWFORD, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |
| | : | |

**ORDER ON MOTIONS FOR SUMMARY JUDGMENT**

1

Four Seasons Trucking, Inc. ("Four Seasons") obtained a judgment for attorney's fees under O.C.G.A.§ 13-6-11 against the Chapter 7 debtor, Marilyn B. Crawford, in civil litigation in the State Court of DeKalb County against Ms. Crawford and her corporation, R/A/C/T Enterprises, Inc. ("R/A/C/T").   In this action, Four Seasons seeks a determination that its judgment is excepted from discharge under 11 U.S.C.A. § 523(a)(6), which excepts debts for willful and malicious injury to property.

Four Seasons's claims arise out of hauling services it performed for R/A/C/T on a construction project on which R/A/C/T was a subcontractor for the general contractor, J.M. Wilkerson Construction Company, Inc.  ("Wilkerson").   R/A/C/T failed to pay Four Seasons $ 38,059 for services it rendered.   Four Seasons asserts that Wilkerson paid R/A/C/T for the services it provided but that R/A/C/T and Ms. Crawford converted the payments meant for Four Seasons to her own use.   (Amended Complaint [44] at ¶¶ 14-16).

Four Seasons filed a lawsuit against R/A/C/T and Ms. Crawford in the State Court of DeKalb County, asserting a claim for breach of contract against R/A/C/T only and claims for conversion, punitive damages, and attorney's fees against both R/A/C/T and Ms. Crawford.   The State Court granted summary judgment in favor of Four Seasons on the issue of Ms. Crawford's liability for conversion.[1]   After a non-jury trial, the State Court ruled that Four Seasons had produced no evidence of damages with regard to the conversion claim and that the evidence did

---

1 The State Court also granted summary judgment against R/A/C/T on the contract claim and on the issue of its liability for conversion.

2

not show that she was liable for punitive damages, but it entered judgment against Ms. Crawford in the amount of $ 18,749 for attorney's fees.[2]

Both parties have moved for summary judgment. Ms. Crawford contends that the State Court judgment establishes as a matter of law that she did not convert any property because the State Court ruled that Four Seasons had failed to establish any damages for conversion. She thus invokes the doctrine of *claim* preclusion, often called *res judicata*[3]: the State Court judgment in her favor on the conversion claim prevents Four Seasons from asserting that the attorney's fee award is a debt for conversion that could be excepted from discharge under § 523(a)(6).

Four Seasons asserts that the judgment for attorney's fees is necessarily based on the debtor's liability for conversion because the State Court could not have awarded attorney's fees in the absence of that liability. Four Seasons thus relies on the doctrine of *issue* preclusion, which Georgia courts call collateral estoppel: the State Court necessarily determined that Ms. Crawford was liable for conversion, and Ms. Crawford cannot litigate that issue again. Assuming that a debt for conversion is a willful and malicious injury to property for purposes of § 523(a)(6), Four Seasons concludes that the liability for attorney's fees is nondischargeable as a matter of law.[4]

---

2  The State Court made the rulings on these claims against R/A/C/T.
3  A prior judgment may have preclusive effect in later litigation under two doctrines, traditionally referred to as the doctrines of *res judicata* and collateral estoppel. Modern terminology, following the approach of the *Restatement (Second) of Judgments* (1982) replaces the term "res judicata" with "claim preclusion" and the term "collateral estoppel" with "issue preclusion." The modern terms are more "analytically helpful" and "contribute to greater clarity of thought." Christopher Klein, Lawrence Ponoroff, & Sarah Borrey, *Principles of Preclusion and Estoppel in Bankruptcy Cases,* 79 AMER. BANKR. L. J. 839, 843 (2005), citing 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 4402 (2d ed. 2003). The Supreme Court has adopted this approach. *E.g., New Hampshire v. Maine,* 532 U.S. 742, 748–49 (2001).
4  The motion of Four Seasons for summary judgment [45] states that it relies on the affidavit of its lawyer, John V. Kuruvilla, and certified copies of the complaint and orders of the State Court referenced in later

3

Similarly, it opposes summary judgment in favor of Ms. Crawford based solely on its view of the issue of the preclusive effect of the State Court judgment.[5]

Based on the Court's analysis of the State Court lawsuit and judgment, the Court concludes for reasons explained below that neither party is entitled to summary judgment. Even if Ms. Crawford's liability for attorney's fees arises from her liability for conversion, the State Court's determination of her conversion liability is not preclusive on the issues of whether the conversion was a "willful and malicious" injury to property for purposes of § 523(a)(6) and whether the conversion caused her liability for attorney's fees. Because the State Court did not, and could not, determine the claim of Four Seasons that Ms. Crawford's debt is for willful and malicious injury within the meaning of §523(a)(6), the State Court judgment does not preclude that claim in this proceeding.

Based on the allegations of Four Seasons in its complaints in the State Court and in this proceeding, the Court is concerned that Four Seasons may not have a claim under §523(a)(6) as a matter of law. The Court will, therefore, direct Four Seasons to supplement its response to Ms. Crawford's motion for summary judgment to establish triable issues of fact that, if established, would entitle it to a determination that the judgment is excepted from discharge under §523(a)(6).

---

text. Mr. Kuruvilla's affidavit [48] provides no additional facts other than the statement that Ms. Crawford admitted to him that she was an officer of R/A/C/T. Its statement of material facts [47] does not assert any other facts.

5 The Response of Four Seasons to Ms. Crawford's motion for summary judgment [50] does not discuss or assert any additional facts.

Attached to the Response is an affidavit of Natalie Atkinson, the president of Four Seasons. [50 at 7-13]. The affidavit provides admissible evidence that Four Seasons provided services to R/A/C/T for which it was not paid and that R/A/C/T had received payment from Wilkerson, the general contractor, on account of the services that Four Seasons provided. These facts do not establish conversion because they do not show that Four Seasons had a property interest in the money that Wilkerson paid.

4

**I. The State Court Proceedings and Judgment**

The Court begins with a review of the litigation in the State Court and the rulings of the State Court.

Four Seasons's lawsuit in the State Court of DeKalb County against Ms. Crawford and R/A/C/T (Plaintiff's Exhibit ("PX") C [48 at 8-26])[6] asserted four counts: (I) a claim for breach of contract against R/A/C/T only; (II) a claim for conversion against both R/A/C/T and Ms. Crawford; (III) a claim for punitive damages against both defendants; and (IV) a claim for attorney's fees and expenses under O.C.G.A. § 13-6-11.[7]

The State Court granted unopposed motions for summary judgment against R/A/C/T on the contract claim in Count I in the amount of $ 38,059 and against both R/A/C/T and Ms. Crawford as to liability only on the conversion claim in Count II. (State Court Oct. 2, 2009 Order at 2 & nn. 3 & 9 (PX-B [48 at 4-7])). With regard to Ms. Crawford's liability, the State Court concluded that "[Ms. Crawford] has admitted that she 'participated' in the conversion" based on requests for admission to which she had not responded. (*Id.* at 2 & n. 9 (PX-B [48 at 6])). The State Court denied summary judgment on the amount of damages on the conversion count and on the other counts of the complaint for lack of evidence. (*Id.* at 2 (PX-B [48 at 6])).

After a non-jury trial, the State Court concluded that there was no evidence with regard to damages as to either R/A/C/T or Ms. Crawford on the conversion claim in Count II and that there

---

6 Four Seasons states in its brief in support of its motion for summary judgment that copies of exhibits are attached to its brief. It appears, however, that the exhibits referenced in the brief were instead filed as a separate document, No.48, that begins with the affidavit of John V. Kuruvilla, which the brief references as Exhibit A. [46 at 3, note 1].
7 The State Court Complaint also asserted a claim in Count V against Westfield Insurance Company, which the State Court dismissed. See State Court Order, Jan. 26, 2010, note 1. (PX-D [48 at 28]).

5

was not a preponderance of the evidence in favor of the plaintiff on the punitive damages claim in Count III.   (State Court Jan. 26, 2010 Order at 2 (PX-D [48 at 29])).

With regard to the claim for attorney's fees in Count IV, the State Court found a preponderance of the evidence in favor of Four Seasons against both R/A/C/T and Ms. Crawford and awarded attorney's fees in the amount of $ 18,749, together with post-judgment interest, against both.   (*Id.*).

In summary, the result of the State Court litigation was that Four Seasons could not recover on its conversion and punitive damages claims against Ms. Crawford in Counts II and III but that she was liable for $ 18,749 on its attorney's fee claim in Count IV, plus interests and costs.   She was not liable on the contract claim in Count I because it did not assert a claim against her personally.

**II.   The Preclusive Effect of the State Court Rulings in This Proceeding**

The effect of the State Court's judgment as a matter of Georgia law is straightforward. Ms. Crawford owes Four Seasons $ 18,749, plus interest and costs.   Absent Ms. Crawford's Chapter 7 case, Four Seasons has a lien on her property and the right to invoke postjudgment remedies to enforce the judgment and collect its debt.

Her Chapter 7 bankruptcy case changes things.   Ms. Crawford may avoid the lien on her exempt property (even if the debt is excepted from discharge) under 11 U.S.C. § 522(f)(1)(A), and her Chapter 7 discharge prevents Four Seasons from attempting to collect it as her personal liability, 11 U.S.C. § 727(b), unless the debt is excepted from discharge under 11 U.S.C. § 523(a).

6

Under 523(a)(6), a debt is excepted from discharge if it is a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."

Under state law, the reason for the judgment against Ms. Crawford is immaterial. But the reason for the debt is critical to application of the discharge exception in § 523(a)(6). The debt must be *for* "willful and malicious injury" for the § 523(a)(6) exception to apply.

Both parties rely solely on the summary judgment order and the judgment of the State Court to support their respective positions that they are entitled to judgment as a matter of law. The difficulty in this proceeding is that the Court cannot determine from the record whether the State Court entered judgment against Ms. Crawford for attorney's fees *for* her conversion of property of Four Seasons.

Although the State Court in its summary judgment order concluded that Ms. Crawford was liable for conversion, its final conclusion after trial was that Four Seasons had not produced any evidence of damages it had sustained by virtue of any conversion that had occurred.

This is important because it is well-established under Georgia law that O.C.G.A. § 13-6-11 permits recovery of attorney's fees only if the party recovers damages or other relief on its claims to which the attorney's fees relate; the statute provides an ancillary remedy with regard to a successful claim but does not establish an independent basis of liability.[8] Under these principles,

---

8 *E.g., Gilmour v. American National Red Cross,* 385 F.3d 1318, 1324 (11th Cir. 2004); *Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312,1316 (11th Cir. 2004); *Benchmark Builders, Inc. v. Schultz,* 289 Ga. 329, 330, 711 S.E.2d 639, 640 (2011) (Defendant cannot recover attorney fees under O.C.G.A. §13-6-11 where jury did not award damages on counterclaim); *United Companies Lending Corp. v. Peacock*, 267 Ga. 145, 146, 475 S.E.2d 601, 601-02 (1996) ("A prerequisite to any award of attorney's fees under O.C.G.A. § 13-6-11 is the award of damages or other relief on the underlying claim."); *Steele v. Russell,* 262 Ga. 651, 651, 424 S.E.2d 272, 273 (1993) ("[T]he expenses of litigation recoverable pursuant

7

the judgment for attorney's fees cannot be *for* conversion because no legal basis for their award exists.

This issue would not exist if the State Court had awarded nominal damages against Ms. Crawford on the conversion claim. Georgia law permits the recovery of attorney's fees under O.C.G.A. § 13-6-11 when a party recovers nominal damages.[9] And a party may be entitled to nominal damages on a conversion claim[10] if the party properly seeks them.[11] But the record here

---

to O.C.G.A. § 13-6-11 are ancillary and may only be recovered where other elements of damage are also recoverable."); *Monterrey Mexican Restaurant of Wise, Inc. v. Leon,* 282 Ga. App. 439, 453, 638 S.E.2d 879, 891-892 (2006), *overruled on other grounds, Temple v. Hillegass,* 344 Ga. App. 454, 810 S.E.2d 625 (2018) ("[T]he *United* requirement of apportionment does not depend on the reason for the grant of attorney fees pursuant to O.C.G.A. §13-6-11, whether bad faith, stubborn litigiousness, or unnecessary trouble and expense. . . . [W]here attorney fees are awarded under O.C.G.A. § 13-6-11 for bad faith, such awards must be apportioned to those attorney fees attributable to claims on which the plaintiff prevailed."); *Gardner v. Kinney,* 230 Ga. App. 771, 772, 498 S.E.2d 312, 313 (1998) ("Because litigation expenses (costs and attorney fees) are wholly ancillary, they are not recoverable when no damages are awarded."); *Southern Cellular Telecom v. Banks,* 209 Ga. App. 401, 402, 433 S.E.2d 606, 607 (1993) (attorney's fees recoverable only with regard to those in connection with prosecution of successful claim).

9 *Tyler v. Lincoln*, 272 Ga. 118, 121, 527 S.E. 2d 180, 183 (2000) (holding that O.C.G.A. § 13-6-11 authorizes an award of attorney's fees where nominal damages are recovered); *Savannah Coll. of Art & Design, Inc. v. Nulph*, 265 Ga. 662, 662, 460 S.E.2d 792, 793-94 (1995) (holding that a recovery of only nominal damages would be sufficient to support attorney's fees under O.C.G.A. § 13-6-11).

10 *Cole v. Classic Kuts and Kurls, Inc.,* 169 Ga. App. 54, 54, 311 S.E.2d 847, 847-48 (1983) (Plaintiff entitled to at least nominal damages where conversion occurs even in the absence of evidence of actual damages); *Ambort v. Tarica,* 151 Ga. App. 97, 97, 258 S.E.2d 755, 756 (1979); *Marshall v. Georgia Power Co.,* 134 Ga. App. 479, 480, 214 S.E.2d 728, 730 (1975) ("Nominal damages are always allowed for any invasion of a property right whether or not actual damages result therefrom. . . . And the law presumes and infers some damage from the invasion of a property right."). *But see Hodson v. Whitworth,* 173 Ga. App. 863, 864, 328 S.E.2d 753, 754 (1985) (Evidence authorized, but did not demand, verdict for nominal damages, and new trial will not be ordered to allow party to present question of nominal damages).

11 *E.g., Hall v. Browning,* 195 Ga. 423, 428, 24 S.E. 392, 397-98 (1943); *Wright v. Trust Co. of Georgia,* 108 Ga. App. 783, 789, 134 S.E.2d 457, 463 (1963); *Sparks v. Milling Co. v. Western Union Telegraph Co.,* 9 Ga. App. 728, 72 S.E. 179, 182 (1911) ("[T]here can be no recovery for either nominal or general damages, where the suit is exclusively one to recover special damages.").

8

does not establish whether Four Seasons sought nominal damages.[12]  In any event, the State Court did not award any nominal damages.

Moreover, even if the State Court had awarded nominal damages – or if its judgment is interpreted as including an implicit award of nominal damages to support the award of attorney's fees – the attorney's fees must be reasonable.[13]  The Court questions whether attorney's fees of $ 18,749 to recover nominal damages are reasonable.

Indeed, in view of the fact that Ms. Crawford otherwise *won* on the merits of the only claim against her personally – Four Seasons recovered no damages for conversion against her – it does not make sense that, as the prevailing party, she must pay attorney's fees, a principle that Georgia law recognizes.[14]  This Court's speculation – arising from its struggle to make some sense of the result in the State Court, and without any basis in the record – is that the State Court may have thought that, as the principal of R/A/C/T who had controlled its unsuccessful defense of the contract claim, Ms. Crawford should properly be responsible, along with R/A/C/T, for the attorney's fees.

If Ms. Crawford had appealed, a Georgia appellate court could have reversed the judgment against her for attorney's fees because, under the principles just discussed, a necessary condition

---

12 Although it is not necessary to plead nominal damages, a party must raise the issue at trial so that it may be presented to the court.  *Zhong v. PNC Bank,* 345 Ga. App. 135, 142, 812 S.E.2d 514, 521 (2018).  Four Seasons in its State Court complaint sought only damages for conversion in the amount of $ 38,059, the exact amount of the unpaid debt.  Because the record does not include the trial transcript, the Court cannot determine whether Four Seasons requested nominal damages at trial.

13 *Eways v. Ga. R.R. Bank,* 806 F.2d 991, 992 (11th Cir. 1986) (holding that an award of litigation expenses under O.C.G.A. § 13-6-11 must be reasonable).

14 Attorney's fees under O.C.G.A. § 13-6-11 are recoverable only in connection with the prosecution of a successful claim.  *E.g.*, *Monterrey Mexican Restaurant of Wise, Inc. v. Leon,* 282 Ga. App. 439, 453, 638 S.E.2d 879, 891-92 (2006), *overruled on other grounds, Temple v. Hillegass*, 344 Ga. App. 454, 810 S.E.2d 625 (2018); *Southern Cellular Telecom v. Banks*, 209 Ga. App. 401, 433 S.E.2d 606 (1993).

for the imposition of attorney's fees under O.C.G.A. § 13-6-11 is the recovery of actual or at least nominal damages, and Four Seasons recovered neither from Ms. Crawford.[15]  Or perhaps an appellate court might have sustained the judgment based on Ms. Crawford's control of R/A/C/T or by concluding that the State Court must have meant to impose nominal damages as part of the award of attorney's fees.

But no one appealed, and the judgment for attorney's fees stands[16] despite the absence of a stated legal basis for it and without any judicial rationale for it in the record before this Court beyond the State Court's unexplained conclusion that a preponderance of the evidence showed that Four Seasons was entitled to attorney's fees.

In this context, the Court must determine whether collateral estoppel applies to establish that the debt is excepted from discharge under § 523(a)(6) based on the State Court's rulings or whether the judgment precludes Four Seasons from seeking relief in this proceeding based on *res judicata*.  The Court considers each issue in turn.

*A.  The State Court's rulings do not have issue preclusive effect to establish that Ms. Crawford's liability for attorney's fees are excepted from discharge as a "willful and malicious" injury to property.*

Under principles of issue preclusion ("collateral estoppel"), the determination of an issue in pre-bankruptcy litigation may prevent relitigation of the same issue in an adversary proceeding

---

15 *See also Hodson v. Whitworth,* 173 Ga. App. 863, 328 S.E.2d 753 (1985); *cf. Smith v. Metropolitan Security Services, Inc.,* 2012 WL 12888677 * 5 (N.D. Ga. 2012) (Jury's award of punitive damages stricken where jury awarded no actual or nominal damages on sexual harassment claim).

16 *Hodson v. Whitworth,* 173 Ga. App. 863, 328 S.E.2d 753 (1985) (In wrongful foreclosure action, judgment on jury verdict that awarded attorney's fees, but no general or punitive damages, stands even though no nominal damages were awarded because defendant did not appeal award of attorney's fees.)

in a bankruptcy court regarding the dischargeability of the debt. *E.g., Grogan v. Garner,* 498 U.S. 279 (1991). For purposes of this analysis, the Court will assume, without deciding, that the State Court determined that Ms. Crawford was liable for conversion and that it awarded attorney's fees based on her liability for conversion.

Because the State Court rulings arise from actual litigation in a Georgia court, this Court must apply the Georgia law of collateral estoppel. 28 U.S.C. §1738; *St. Laurent v. Ambrose*, 991 F.2d 672, 675-76 (11th Cir. 1993). One requirement for application of collateral estoppel under Georgia law is that the issue in both proceedings be identical. *E.g., Firestone Tire & Rubber Co. v. Pinyan*, 155 Ga. App. 343, 270 S.E.2d 883 (1980).

The issue of whether a defendant is liable for conversion under Georgia law is not identical to the issue of whether the conduct of the defendant is "willful and malicious" within the meaning of § 523(a)(6).

Under Georgia law, "[C]onversion consists of an unauthorized assumption and exercise of the right of ownership over personal property belonging to another, in hostility to his rights; an act of dominion over the personal property of another inconsistent with his rights; or an unauthorized appropriation. Thus, any distinct act of dominion and control wrongfully asserted over another's personal property, in denial of his right or inconsistent with his right, is a conversion of such property." *Parris Properties, LLC v. Nichols*, 305 Ga. App. 734, 744-45, 700 S.E.2d 848, 858 (2010), *quoting Williams v. Nat. Auto Sales*, 287 Ga. App. 283, 285, 651 S.E.2d 194 (2007) (Citations, punctuation, and footnotes omitted).

11

Nondischargeability under § 523(a)(6), however, requires a "deliberate or intentional *injury,* not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998) (emphasis in original). This is not a required element of a claim for conversion under Georgia law.

As Chief Judge Hagenau explained in *Lewis v. Lowery (In re Lowery),* 440 B.R. 914, 928 (Bankr. N.D. Ga. 2010):

> Not every act of conversion will be sufficient to establish willful and malicious injury under § 523(a)(6). *In re Lemmons*, 2005 WL 6487216 *5 [(Bankr. N.D. Ga. 2005)] (citing *Wolfson v. Equine Capital Corp. (In re Wolfson)*, 56 F.3d 52 (11th Cir. 1995)); *Rentrak Corp. v. Neal (In re Neal),* 300 B.R. 86 (Bankr. M.D. Ga. 2003). To establish a willful injury, the plaintiff must show that the debtor defendant had a subjective motive to inflict injury or believed his conduct was substantially certain to cause injury. *In re Lemmons*, 2005 WL 6487216 *5 [(Bankr. N.D. Ga. 2005)] (citing *Restatement (Second) of Torts* § 8A); *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1208 (9th Cir. 2001); *Bank of Lumber City v. Rowland (In re Rowland)*, 316 B.R. 759, 763–64 (Bankr. S.D. Ga. 2004)).

The State Court made no finding whatsoever with regard to Ms. Crawford's state of mind or any of the circumstances surrounding the conversion for which it found her liable. In these circumstances, the State Court's ruling cannot have issue preclusive effect in this proceeding. *See, e.g., Palloto v. Neri (In re Neri),* 2018 WL 333819 at *7 (Bankr. N.D. Ga. 2018); *Lewis v. Lowery (In re Lowery),* 440 B.R. 914, 928 (Bankr. N.D. Ga. 2010).

Alternatively, if the State Court awarded attorney's fees for some reason other than Ms. Crawford's liability for conversion – a legally questionable result for reasons explained above – the issue of her liability for attorney's fees under O.C.G.A. § 13-6-11 is not identical to the issue of whether the attorney's fees are a debt for "willful and malicious injury" under § 523(a)(6).  *See Mills v. Ellerbee (In re Ellerbee),* 177 B.R. 731, 746 (Bankr. N.D. Ga. 1995) ("Conduct that might be described as stubborn litigiousness or even bad faith might not be willful and malicious conduct."), *aff'd,* 78 F.3d 600 (11th Cir. 1996) (Table), *cert. denied,* 519 U.S. 947 (1996)[17]; *Fincher v. Holt (In re Holt),* 173 B.R. 806 (Bankr. M.D. Ga. 1994).

For these reasons, Four Seasons is not entitled to summary judgment on the ground that the State Court rulings establish that Ms. Crawford's liability for attorney's fees is excepted from discharge under § 523(a)(6) as a debt for willful and malicious injury to its property.

*B.   The State Court's rulings do not have res judicata effect to preclude Four Seasons from prosecuting its claim that the debt for attorney's fees is excepted from discharge.*

Ms. Crawford asserts that the Georgia law of *res judicata* prevents Four Seasons from contending that her liability for attorney's fees is a willful and malicious injury under § 523(a)(6) because the State Court effectively ruled in her favor on the conversion claim.   The problem with this argument is that the claim of Four Seasons for attorney's fees in the State Court is not the same

---

17 In *Mills v. Ellerbee (In re Ellerbee)*, 177 B.R. 731, 746 (Bankr. N.D. Ga. 1995), *aff'd,* 78 F.3d 600 (11th Cir. 1996) (Table), *cert. denied,* 519 U.S. 947 (1996), the court correctly concluded that attorney's fees under O.C.G.A. § 13-6-11 are an ancillary remedy imposed with regard to an underlying debt and that the attorney's fees are excepted from discharge if the underlying debt is excepted without regard to the reason for the imposition of the attorney's fees.   The principle is inapplicable here because the current record provides no basis for determination that the underlying debt is excepted.

13

as its claim in this proceeding that her liability is excepted from discharge as a willful and malicious injury to its property.

As the Court explains above, this Court cannot, based on the record in this proceeding, determine the reason that the State Court awarded the attorney's fees. Four Seasons is entitled to prosecute its distinct claim that Ms. Crawford's liability for attorney's fees under the State Court judgment is a debt for willful and malicious injury to its property that is excepted from discharge under § 523(a)(6).

Accordingly, Ms. Crawford is not entitled to summary judgment based on *res judicata*.

## III. Ruling on Motions for Summary Judgment and Further Proceedings

The Court has considered whether, on the record before the Court, the Court should nevertheless grant summary judgment in favor of Ms. Crawford. To grant summary judgment in favor of a defendant, a Court must determine that evidence produced by the defendant sufficiently establishes as a matter of law, based on undisputed facts, that the plaintiff is not entitled to relief.

The Court can find no evidence in the record that Four Seasons had a property interest in any funds paid by Wilkerson to R/A/C/T. If it did not, no injury to the property of Four Seasons occurred, and §523(a)(6) does not apply.

To be sure, the State Court concluded in its summary judgment order (unopposed by Ms. Crawford) that she had "admitted that she 'participated' in the conversion."[18] The State Court

---

18 State Court Order, October 2, 2009, Exhibit B [48 at 6].

14

provided no factual basis for this conclusion other that her failure to respond to a request for admission.[19] The request for admission is not part of the record in this Court.

After a non-jury trial, the State Court concluded, simply, that there was no evidence as to damages on the conversion claim.[20] There is no transcript of the trial or any other proceedings in the State Court in the record in this Court.

It could very well be that the State Court determined that no evidence of damages existed because it concluded that Four Seasons had failed to establish a property interest in the payments that Wilkerson made. This is the conclusion that this Court would reach based on the allegations in the complaint in the State Court and in the amended complaint in this proceeding.

In the State Court complaint, Four Seasons alleged that the payments R/A/C/T received from Wilkerson were "meant to be used to pay" Four Seasons. Complaint, Exhibit C, ¶¶ 15 [48 at 14]. The amended complaint in this proceeding states that Wilkerson paid monies to R/A/C/T "to be paid to" Four Seasons. Amended Complaint, ¶ 14 [44 at 4]. Without more, these allegations do not establish that Four Seasons had any property interest in money due to R/A/C/T from Wilkerson, such as an assignment of, or security interest in, the accounts receivable.

If Four Seasons did not have a property interest in the Wilkerson funds, this Court cannot understand how Ms. Crawford could possibly have caused a "willful and malicious" injury to Four Seasons's property.

The issue then becomes whether, without regard to the underlying transaction, Ms. Crawford's liability for attorney's fees (again, incurred by Four Seasons in a losing effort to collect

---

19 State Court Order, October 2, 2009, Exhibit B [48 at 6, note 8].
20 State Court Order, January 26, 2010, Exhibit D [48 at 2].

on the merits from Ms. Crawford) was a willful and malicious injury. The record in this Court is completely silent as to how Ms. Crawford, proceeding pro se in the State Court, conducted her successful defense on the merits. It shows no triable issue of fact on this issue.

For these reasons, the Court finds it difficult to envision a set of facts that Four Seasons can prove to establish that Ms. Crawford has willfully and maliciously caused injury to Four Seasons.

Nevertheless, both parties have focused exclusively on the effect of the State Court's rulings in this proceeding. As the Court has explained, neither is entitled to judgment based on what happened in the State Court. Despite the Court's doubts about the merits of Four Seasons's claim, it is not appropriate to grant summary judgment in favor of Ms. Crawford without giving Four Seasons the opportunity to present evidence and legal argument about the underlying transactions between the parties and the conduct of the State Court proceeding that could provide a basis for the Court to determine that a legal claim for willful and malicious injury exists.

Accordingly, the Court will direct that, within 30 days from the date of entry of this Order, Four Seasons supplement its response to Ms. Crawford's motion for summary judgment with evidence and legal argument to address the Court's concerns set forth above.

**IV. Conclusion**

Based on, and in accordance with, the foregoing, it is hereby **ORDERED** as follows:

1. The motion of Four Seasons for summary judgment is **DENIED.**

2. The motion of Ms. Crawford for summary judgment is **DENIED IN PART.** Ms. Crawford is not entitled to summary judgment based on the *res judicata* effect of the judgment in the State Court.

16

3. Ms. Crawford may be entitled to summary judgment on the ground that the undisputed facts in this case do not establish that she owes a debt to Four Seasons for "willful and malicious" injury to Four Seasons or its property within the meaning of 11 U.S.C. § 523(a)(6), for reasons explained above.

4. **Four Seasons shall, within 30 days from the date of entry of this Order, supplement its response to Ms. Crawford's motion for summary judgment** with evidence and legal argument about the underlying transactions between the parties and the conduct of the State Court proceeding that could provide a basis for the Court to determine that a legal claim for willful and malicious injury to Four Seasons or its property within the meaning of 11 U.S.C. § 523(a)(6) exists. Ms. Crawford may respond to the supplement within 20 days after its service, and Four Seasons may reply within 20 days after Ms. Crawford's response. **In the absence of the filing of a supplement in opposition to summary judgment in favor of Ms. Crawford, the Court will deem Ms. Crawford's motion for summary judgment unopposed and will enter summary judgment in her favor.**

**This Order has not been prepared for publication and is not intended for publication.**

[END OF ORDER]

17

## **DISTRIBUTION LIST**

| | |
|---|---|
| John v. Kuruvilla<br>Kuruvilla Law Firm, PC<br>Tower Place 100<br>3340 Peachtree Rd.,<br>Ste. 1800<br>Atlanta, GA 30326<br><br>Lorena Lee Saedi<br>Saedi Law Group, LLC<br>Suite 103<br>3006 Clairmont Road<br>Atlanta, GA 30329 | Jeffrey L. Sakas<br>Suite G-5<br>119 Pharr Rd, NW<br>Atlanta, GA 30305 |