

**IT IS ORDERED as set forth below:**

**Date: September 25, 2018**

_____

**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| MARILYN BUICE CRAWFORD, | : | CASE NO. 16-56156-PWB |
| Debtor. | : | CHAPTER 7 |
| FOUR SEASONS TRUCKING, INC., | : | |
| Plaintiff, | : | |
| vs. | : | ADVERSARY NO. 16-5155-pwb |
| MARILYN BUICE CRAWFORD, | : | |
| Defendant. | : | |

**ORDER ON MOTION TO DISMISS**

Four Seasons Trucking, Inc. ("Four Seasons") contends that its judgment against the debtor, Marilyn B. Crawford ("Ms. Crawford"), is excepted from discharge under 11 U.S.C. § 523(a)(6) because it arose from "willful and malicious" injury to Four Seasons or its property.  Both parties moved for summary judgment.

On July 10, 2018, the Court entered an order denying Four Season's motion and stating that it would grant summary judgment in favor of Ms. Crawford unless Four Seasons supplemented its response to her motion to demonstrate the existence of evidence that could establish that Ms. Crawford had caused "willful and malicious" injury to Four Seasons or its property.

Instead of supplementing its response, Four Seasons moved to dismiss this proceeding on the condition that each party bears its own costs and attorney fees. [63].  Alternatively, if the Court denied its motion to dismiss, Four Seasons requested an extension of time to submit a supplemental response.  [62].

Ms. Crawford does not oppose dismissal, but asserts that she should be able to seek her attorney's fees from Four Seasons.  [64].

For reasons set forth, the Court will grant Four Seasons' motion to dismiss and will order both parties bear their own attorney's fees, despite Ms. Crawford's opposition.

The Court has the authority to dismiss an adversary proceeding at the plaintiff's request on terms "the court considers proper." Fed. R. Civ. P. 41(a)(2), *applicable under* Fed. R. Bankr. P. 7041. The Court has broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2). *E.g., Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001). Usually, "a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." *Id*. (citation, quotations, and emphasis omitted). The Court must "weigh the relevant equities and do justice between the parties" when "exercising its broad equitable discretion under Rule 41(a)(2)." *Id*. at 1256. The "crucial question" is whether the non-moving party would "lose any substantial right by the dismissal." *Id*. at 1255 (citation and quotations omitted).

Because the dismissal is with prejudice, Ms. Crawford does not face the prospect of another lawsuit. The question, then, is whether Ms. Crawford will lose any substantial right if the Court dismisses the complaint without giving her the opportunity to seek her attorney's fees.

Ms. Crawford contends that she is entitled to pursue an award of attorney's fees as a matter of statutory law but she does not identify the statutes on which she relies or assert specific facts to support an award of attorney's fees. The Court has

examined possible bases for an award of attorney's fees to her and has found no legal grounds on which it could.

Under the American rule, each party to a lawsuit bears its own attorney's fees. *E.g. Woodward v. STP Corp.*, 170 F.3d 1043, 1045 n. 3 (11th Cir. 1999) (citing *Alyeska Pipeline Services Co. v. Wilderness Society*, 421 U.S. 240, 257-59 (1975)).  Three possible exceptions to this rule are applicable in this dischargeability proceeding: (1) a request for attorney's fees under 11 U.S.C. § 523(d); (2) a motion for sanctions under Fed. R. Bankr. P. 9011; and (3) an award of attorney's fees under 28 U.S.C. § 1927.  None of the exceptions support attorney's fees here.

Section 523(d) permits an award of attorney's fees to a debtor who prevails in litigation regarding the dischargeability of a consumer debt under § 523(a)(2) if the court concludes that the proceeding was not substantially justified, unless the creditor can establish special circumstances that would make such award unjust. 11 U.S.C. § 523(d).  Section 523(d) has no application here because this proceeding does not involve a consumer debt.

Rule 9011of the Federal Rules of Bankruptcy Procedure permits a court to grant sanctions, including attorney's fees, when a party or its attorney signs and files a pleading that is frivolous or in bad faith.  *E.g., DeLauro v. Porto (In re Porto)*, 645 F.3d 1294, 1302-03 (11th Cir. 2011).  Rule 9011(c)(1)(A) permits the

4

filing of a motion for sanctions only if the party against whom the sanctions are sought fails to withdraw the offending pleading within 21 days after service of the motion. This provides the offending party the opportunity to avoid sanctions by withdrawing or correcting the challenged document or position after receiving notice of the alleged violation. *Id.*

The record does not show the service of a motion under Rule 9011 against Four Seasons. Accordingly, Rule 9011 provides no basis for Ms. Crawford to seek an award of her attorney's fees.

A third exception to the American rule is 28 U.S.C. § 1927. It states, "[A]ny attorney who so . . . multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

To award sanctions under § 1927, a court must conclude that: (1) the attorney engaged in in unreasonable and vexatious conduct; (2) the attorney's conduct multiplied the proceedings; and (3) the amount of the sanction does not exceed the costs occasioned by the objectionable conduct. *Peer v. Lewis*, 606 F.3d 1306, 1314 (11th Cir. 2010); *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007).

An attorney multiplies proceedings unreasonably and vexatiously "only when the attorney's conduct is so egregious that it is 'tantamount to bad faith,'" which turns on the objective conduct of the attorney. *Peer*, 606 F.3d at 1314 (quoting *Amlong*, 500 F.3d at 1239). Bad faith is an objective standard that is satisfied when an attorney "knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims." *Amlong*, 500 F.3d at 1242 (quoting *Schwartz v. Million Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003)).

Similarly, whether an attorney's conduct is "vexatious" "requires an evaluation of the attorney's objective conduct." *Id*. at 1240. "[T]he attorney's subjective state of mind is frequently an important piece of the calculus, because a given act is more likely to fall outside the bounds of acceptable conduct and therefore be 'unreasonabl[e] and vexatious[ ]' if it is done with a malicious purpose or intent." *Id*. (alterations in original).

The record before the Court does not establish that the prosecution of this proceeding by Four Seasons' attorney meets these standards.

Four Seasons obtained a judgment after litigation in which the Superior Court of DeKalb County concluded that Ms. Crawford was liable for conversion. Four Seasons was entitled to assert its arguments in support of the proposition that

the litigation in the Superior Court established that its debt was excepted from discharge as a willful and malicious injury under § 543(a)(6).

Although the Court rejected these arguments for reasons set forth in its July 18, 2018, Order, the Court cannot conclude that, in asserting them, Four Seasons' attorney did so unreasonably and vexatiously or that he multiplied these proceedings. Accordingly, the Court cannot award Ms. Crawford attorney's fees under § 1927.

Based on, and in accordance with, the foregoing, the Court will grant the motion of Four Seasons to dismiss, with prejudice, and require that each party bear its own costs and attorney's fees. Ms. Crawford's motion for summary judgment [40] and Four Seasons'Motion for Extension of Time [62] are denied, as moot. The Court will enter a separate judgment dismissing this proceeding.

**This Order has not been prepared for publication and is not intended for publication.**

[End of Order]

**Distribution List:  Attorneys for Plaintiff and Defendant**